Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff
Our file: 508-02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AIG EUROPE LTD. a/s/o COMPAGNIE
FRUITIERE IMPORT,

                                               18 Civ.

     Plaintiff,

  - against -                           **COMPLAINT**

ADELAIDE GLOBAL LTD.

     Defendant.
-------------------------------------------------------------------X

       Plaintiff, AIG EUROPE LTD. a/s/o COMPAGNIE FRUITIERE IMPORT, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions set forth in the AGL bill of lading. Venue is predicated upon the provisions of the AGL bill of lading.

## PARTIES

    2.     At all material times, AIG EUROPE LTD. (hereinafter "AIG" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 16 Place de l'Iris, 92400 Courbevoie, France, and is the

subrogated underwriter of various consignments of fresh Hass Avocados, as more specifically described below.

3.     At all material times, COMPAGNIE FRUITIERE IMPORT (hereinafter "COMPAGNIE FRUITIERE" or "Plaintiff") was and is a company organized and existing by virtue of the laws of a foreign state with an office and place of business located at 33 Boulevard Ferdinand de Lesseps, 13014 Marseille, France and was the owner/consignee of various consignments of fresh Hass Avocados, as more specifically described below.

4.     At all material times, defendant, ADELAIDE GLOBAL LTD.   (hereinafter "Defendant" or "AGL") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located Dubai World Trade Centre, 13th Floor, Office 1305, Dubai, United Arab Emirates and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non vessel owning common carrier of goods for hire.

5.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

### Claim 1 (508-04)

6.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5, as if herein set forth at length.

7.     In or about July 2017, COMPAGNIE FRUITIERE purchased a consignment of 4,533 cartons of fresh Hass avocados from producer Sasini Avocado Ltd., located in Kenya.

2

8.      In or about July 2017, Sasini Avocado Ltd., as shipper, contracted with AGL to transport the aforementioned consignment of fresh Hass avocados from Kenya to France.

9.      On or about July 10, 2017, the consignment of 4,533 cartons of fresh Hass avocados, then being in good order and condition, was loaded by Sasini Avocados Ltd., into reefer container TTNU 8321330, and was delivered to Defendant AGL and/or its subcontractors, for transportation from Mombasa, Kenya to Fos sur Mer, France, in consideration of an agreed upon freight and in consideration of AGL maintaining a supply air temperature of +5°C at all times, pursuant to AGL bill of lading number AGLKE16017 dated July 8, 2017.

10.     On or about July 10, 2017 reefer container TTNU 8321330 was loaded aboard the M/V MSC MARIA LAURA. AGL bill of lading AGLKE16017 was issued and the vessel departed Mombasa, Kenya, for its intended destination.

11.     On or about August 8, 2017 container TTNU 8321330 was discharged in Barcelona, Spain. On or about August 12, 2017 container TTNU 8321330 was transshipped on board the M/V NORTHERN DEBONAIRE.

12.     On or about August 16, 2017, Container TTNU 8321330 was discharged from the M/V NORTHERN DEBONAIRE at the port of Fos sur Mer, France.

13.     The container was picked up by the trucking company, MCAN, pursuant to instructions issued by AGL, and delivered to the receiver's premises in Marseille on or about August 16, 2017.

14.     Upon delivery of container TTNU 8321330 at the designated receiver facilities by the trucking company, MCAN, the consignment of Hass Avocados was found to have sustained physical damages and a joint survey was arranged.

3

15.     Following the survey, it was determined that the consignment was not in the same good order and condition as when first received by the defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

16.     The damage to the cargo was not the result of any act or omission on the part of the Plaintiff but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

17.     Due to the physical damage sustained to the cargo as a result of the foregoing, the consignment of Hass avocados was partly no longer fit for human consumption and was partly destroyed.

18.     As a result of the foregoing, Plaintiff suffered damages in the amount of $35,131.17.

19.     At all times relevant hereto, a contract of insurance for property damage was in effect between AIG and COMPAGNIE FRUITIERE, which provided coverage for, among other things, loss or damage to the consignment.

20.     Pursuant to the aforementioned contract of insurance between AIG and COMPAGNIE FRUITIERE, monies have been expended on behalf of COMPAGNIE FRUITIERE to the detriment of AIG due to the damages sustained during transit.

21.     As AIG has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, AIG has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

22. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $35,131.17.

## Claim 2 (508-05)

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5, as if herein set forth at length.

24. In or about July 2017, COMPAGNIE FRUITIERE purchased a consignment of 5,184 cartons of fresh Hass avocados from producer Sasini Avocado Ltd., located in Kenya.

25. In or about July 2017, Sasini Avocado Ltd., as shipper, contracted with AGL to transport the aforementioned consignment of fresh Hass avocados from Kenya to France.

26. On or about July 6, 2017, the consignment of 5,184 cartons of fresh Hass avocados, then being in good order and condition, was loaded by Sasini Avocados Ltd., into reefer container TTNU 8124270, and was delivered to Defendant AGL and/or its subcontractors, for transportation from Mombasa, Kenya to Fos sur Mer, France, in consideration of an agreed upon freight and in consideration of AGL maintaining a supply air temperature of +5°C at all times, pursuant to AGL bill of lading number AGLKE15917 dated July 8, 2017.

27. On or about July 6, 2017 reefer container TTNU 8124270 was loaded aboard the M/V MSC MARIA LAURA, AGL bill of lading AGLKE15917 was issued and the vessel departed Mombasa, Kenya, for its intended destination.

28. On or about August 8, 2017 container TTNU 8124270 was discharged in Barcelona, Spain. On or about August 12, 2017 container TTNU 8124270 was transshipped on board the M/V NORTHERN DEBONAIRE.

29.    On or about August 16, 2017, Container TTNU 8124270 was discharged from the M/V NORTHERN DEBONAIRE at the port of Fos sur Mer, France.

30.    The container was picked up by the trucking company, MP TRANS, pursuant to instructions issued by AGL, and delivered to the receiver's premises in Marseille on or about August 16, 2017.

31.    Upon delivery of container TTNU 8124270 at the designated receiver facilities by the trucking company, MP TRANS, the consignment of Hass Avocados was found to have sustained physical damages and a joint survey was arranged.

32.    Following the survey, it was determined that the consignment was not in the same good order and condition as when first received by the defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

33.    The damage to the cargo was not the result of any act or omission on the part of the Plaintiff but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

34.    Due to the physical damage sustained to the cargo as a result of the foregoing, the consignment of Hass avocados was no longer fit for human consumption and was totally destroyed.

35.    As a result of the foregoing, Plaintiff suffered damages in the amount of $37,983.79.

36.    At all times relevant hereto, a contract of insurance for property damage was in effect between AIG and COMPAGNIE FRUITIERE, which provided coverage for, among other things, loss or damage to the consignment.

6

37. Pursuant to the aforementioned contract of insurance between AIG and COMPAGNIE FRUITIERE, monies have been expended on behalf of COMPAGNIE FRUITIERE to the detriment of AIG due to the damages sustained during transit.

38. As AIG has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, AIG has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

39. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $37,983.79.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

40. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 39, inclusive, as if herein set forth at length.

41. Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

42. The defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, and protect the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

43. As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $73,114.96.

7

44.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $73,114.96.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

45.     The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 44, inclusive, as if herein set forth at length.

46.     Pursuant to its obligations as a bailee for hire of the subject cargo, the defendant owed contractual and statutory duties to Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

47.     The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

48.     As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $73,114.96.

49.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $73,114.96.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

50.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 49, inclusive, as if herein set forth at length.

8

51.     The Defendant owed a duty to the Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

52.     The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

53.     As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $73,114.96.

54.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $73,114.96.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $73,114.96, together with interest, costs and the disbursements of this action; and

9

3.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      August 8, 2018
      508-04 // 508-05

                       CASEY & BARNETT, LLC
                       Attorneys for Plaintiff

By:                                   
                       Martin F. Casey
                       305 Broadway, Suite 1202
                       New York, New York 10007
                       (212) 286-0225

10